IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIETRICK LEWIS JOHNSON, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4538-L-BN |
| | § | |
| STEPHEN ASH, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Dietrick Lewis Johnson, Sr. brings this *pro se* civil rights action alleging that he was improperly prescribed medication for depression which caused mood changes resulting in his eventual arrest for stalking, kidnaping, carjacking, and attempted murder. On November 13, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Written interrogatories

then were sent to Plaintiff in order to obtain additional information about the factual

basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on November

26, 2013. *See* Dkt. No. 7.

Plaintiff alleges that he has been treated by Dr. Stephen Ash, a Grapevine,

Texas urologist, for bladder cancer since 2004. *See* Dkt. No. 3 at 7; Dkt. No. 7 at

Question 1. In approximately 2010, Dr. Ash prescribed "some form of mental

(depression) medication" to treat Plaintiff's symptoms of sexual dysfunction. *See* Dkt.

No. 7 at Question 1. As a result of this medication, Plaintiff experienced numerous

complications. *See id.* He explains:

> I started experiencing anxiety, guilt, weight loss, extreme tiredness,
> inability to feel pleasure with activities I usually enjoyed. I became easily
> irritated by simple things, rapid mood changes, outburst of aggression
> and explosive anger and reckless behavior which led to my current
> demise.... The feeling of gloom, despair, and hopelessness that have me
> presently charged with stalking, convicted of kidnaping, violation of a
> personal protection order which got me 60 years in prison and carjacking
> 240 months and trying to kill my ex-girlfriend 125 months. I only took
> this medicine when I was sleeping with various women. When I met my
> ex, I stopped taking them, but started back when we broke up. I was
> taking them up until I was arrested. I took six before having sex with my
> ex 1-23-12.

Dkt. No. 3 at 7-8. By this lawsuit, Plaintiff seeks $3.5 million in damages from Dr. Ash

and $20 million in damages from an unnamed drug manufacturer. *See* Dkt. No. 7 at

Question 2.

The undersigned now concludes that this case should be summarily dismissed

pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Plaintiff's claims under 42 U.S.C. § 1983 should be summarily dismissed. Plaintiff appears to sue Defendant for medical negligence and unspecified civil rights violations pursuant to Section 1983. *See* Dkt. No. 3 at 7-8; Dkt. No. 7 at Question 1. In order to state a claim under Section 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by one acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Initially, Plaintiff cannot recover damages under Section 1983 against Dr. Ash or the unspecified drug manufacturer because that statute affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *see also Tawe v. Unknown Psychiatrist,* No. 3:11-cv-1016-M-BK, 2011 WL 2292293, at *1 (N.D. Tex. May 25, 2011), *rec. adopted*, 2011 WL 2292272 (N.D. Tex. June 8, 2011) (summarily dismissing civil rights claims against Baylor Medical Center and its employee); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-43 (5th

Cir. 1999) (generally a private hospital and its employees are not state actors). Plaintiff has not established that any conduct by Dr. Ash occurred under color of state law. *See* Dkt. No. 7 at Question 4.

Further, Plaintiff's allegations against Dr. Ash and the drug manufacturer amount, at most, only to a claim for medical negligence, which cannot be remedied in a federal lawsuit under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process claims not implicated by state official's negligence); *Fenlon v. Quarterman*, 350 F. App'x 931, 934 (5th Cir. 2009) ("Mere medical negligence does not give rise to a § 1983 claim[.]"); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (malpractice or negligent care does not rise to the level of a constitutional violation). Accordingly, all such claims should be dismissed.

To the extent that Plaintiff seeks compensation for the negligence of the Defendants or similar wrongdoing in connection with his medical care, he has failed to state a claim that may be remedied in federal court. *See, e.g., Kinzie v. Dallas County Hosp. Dist.,* 106 F. App'x 192, 194 (5th Cir. 2003) (claims of "recklessness" and "indifference" in failing to screen donated blood for HIV are basically "'fairly typical state-law tort claim[s]'" for negligence that were correctly dismissed for failure to state a claim (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992))). Therefore, any civil claims, such as negligence, should be dismissed without prejudice to his filing them in state court.

### Recommendation

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. §

1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE